William Edelman (SBN 285177)
**MILBERG, PLLC**
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Phone: 866.252.0878
wedelman@milberg.com

Michael A. Acciavatti (*pro hac vice*)
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel: 212.594.5300
macciavatti@milberg.com

*Attorneys for Plaintiff Beaulier*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN BEAULIER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 5:26-cv-02647-EKL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT NVIDIA CORPORATION'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>Hearing: September 2, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 7 – 4th Floor<br>Judge: Hon. Eumi K. Lee<br>Date Filed: March 26, 2026<br>Trial Date: Not Set |

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................................. 1

II.   BACKGROUND ................................................................................................................... 1

III.  LEGAL STANDARD............................................................................................................ 2

IV.   ARGUMENT ........................................................................................................................ 3

   A.   NVIDIA's motion is not clearly case-dispositive.......................................................... 3

   B.   That a Rule 12 motion can be decided without discovery does not justify a stay. ............................... 5

   C.   NVIDIA's burden and confidentiality arguments do not justify a blanket stay. ................................... 6

   D.   At minimum, NVIDIA's refusal of a reasonable, protective-order-based compromise confirms that a blanket stay is disproportionate. .......................................................... 8

V.    CONCLUSION...................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                 **Page(s)**

*Affinity Credit Union v. Apple Inc.*,
2023 WL 12065782 (N.D. Cal. Apr. 14, 2023) ............................................................................. 6, 7, 8

*Barrett v. Apple Inc.*,
2020 WL 13815568 (N.D. Cal. Oct. 22, 2020) ................................................................................ 3, 6

*Crema Social, Inc. v. Apple Inc.*,
2026 WL 686311 (N.D. Cal. Mar. 11, 2026) ........................................................................................ 5

*Crowder v. LinkedIn Corp.*,
2023 WL 2405335 (N.D. Cal. Mar. 8, 2023) ........................................................................................ 3

*Doe 1 v. GitHub, Inc.*,
2024 WL 235217 (N.D. Cal. Jan. 22, 2024), appeal docketed, No. 24-7700 (9th Cir. Dec. 23, 2024)........ 4

*Gray v. First Winthrop Corp.*,
133 F.R.D. 39 (N.D. Cal. 1990) .............................................................................................. 1, 3, 7

*Heck v. Amazon.com, Inc.*,
No. 22-cv-03986-JSW, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) ....................................................... 5

*Hoopes Vineyard, LLC v. County of Napa*,
No. 21-cv-06054, 2022 WL 300792 (N.D. Cal. Feb. 1, 2022) ................................................................. 7

*In re Dexilant (Dexlansoprazole) Antitrust Litigation*,
2025 WL 2959894 (N.D. Cal. Oct. 16, 2025) ................................................................................... 9, 10

*In re German Automotive Manufacturers Antitrust Litigation*,
335 F.R.D. 407 (N.D. Cal. 2020) ................................................................................................... 7

*In re Nexus 6p Prods. Liab. Litig.*,
2017 WL 3581188 (N.D. Cal. Aug. 18, 2017) ...................................................................................... 8

*Leonardo Garcia v. TDBBS, LLC*,
2025 WL 1755648 (N.D. Cal. June 25, 2025) ...................................................................................... 5

*Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*,
No. 16-cv-06370-EJD, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018) ................................................. passim

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*,
220 F.R.D. 349 (N.D. Cal. 2003) ............................................................................................ 3, 7, 9

*Pereda v. General Motors LLC*,
2022 WL 19692037 (N.D. Cal. Mar. 15, 2022) ................................................................................... 6, 7

*Reveal Chat Holdco, LLC v. Facebook, Inc.*,
2020 WL 2843369 (N.D. Cal. Apr. 10, 2020) ..................................................................................... 3, 6

*Serenium, Inc. v. Zhou*,
No. 20-cv-02132-BLF (NC), 2021 WL 7541379 (N.D. Cal. Feb. 11, 2021) ...................................... 1, 3, 9

*Singh v. Google,*
*LLC*, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) ............................................................... 3, 4

*Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*,
2024 WL 4981090 (N.D. Cal. Dec. 4, 2024) ...................................................................... 4

*Williams-Sonoma, Inc. v. Last Brand, Inc.*,
2026 WL 1301007 (N.D. Cal. May 12, 2026) ..................................................................... 5, 8

**Statutes**

17 U.S.C. § 1202(b) .............................................................................................................. 4

17 U.S.C. § 1202(b)(1) ......................................................................................................... 2

17 U.S.C. § 1202(b)(3) ......................................................................................................... 2

## I.   **INTRODUCTION**

A stay of all discovery is an extraordinary remedy, not the ordinary consequence of filing a Rule 12 motion. The Federal Rules do not create an automatic stay, and courts in this District treat stays pending motions to dismiss as the exception. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990); *Serenium, Inc. v. Zhou*, No. 20-cv-02132-BLF (NC), 2021 WL 7541379, at *1 (N.D. Cal. Feb. 11, 2021); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16-cv-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018). NVIDIA therefore must make a particularized showing that its motion is likely case-ending and that a blanket stay is warranted. It has not.

NVIDIA's first Rule 12(b)(6) motion is not clearly case-dispositive. Even if NVIDIA persuaded the Court that some allegations are deficient, the ordinary result would be dismissal with leave to amend. NVIDIA's own stay motion confirms that a ruling may "clarify and narrow" issues concerning removal, intent, scienter, distribution, and identicality. ECF No. 21 ("Mot.") at 1. A motion that may narrow issues or require amendment does not justify stalling this case at its infancy.

Nor do NVIDIA's burden, confidentiality, and no-prejudice arguments justify the all-discovery stay it seeks. Those concerns may support sequencing and proportionality limits on discovery, but they do not support stopping the case. Plaintiff proposed this narrower path before NVIDIA filed its motion: continue the case-management deadlines while the motion to dismiss is pending, finalize a protective order and ESI protocol, and permit limited, confidentiality-protected production of core documents. That approach preserves progress, protects sensitive information, and avoids the delay that a blanket stay would create. NVIDIA rejected this compromise, even though courts have endorsed the same kind of measured alternative and NVIDIA's own counsel accepted the same basic structure in the parallel *Beaulier v. Roblox Corp.* Case No. 3:26-cv02642 (N.D. Cal.) action (the "Roblox Action"). The Court should deny NVIDIA's blanket stay or, at most, adopt that narrower approach.

## II.   **BACKGROUND**

Plaintiff filed this putative class action in March 2026, alleging that NVIDIA violated 17 U.S.C. § 1202(b)(1) and (b)(3) by removing or failing to preserve copyright management information when it processed independent artists' 3D works for AI training. ECF No. 1. After reassignment, the Court reset the case management deadlines, required a case management statement by July 1, 2026, and set the initial case

management conference for July 15, 2026. ECF Nos. 11–12.

The parties met and conferred on June 11 and June 19, 2026. ECF No. 21 at 1; Edelman Decl. ¶¶ 2, 9. On June 17, Plaintiff proposed a written compromise to avoid motion practice: continue the case management conference and related deadlines until after the Court rules on NVIDIA's responsive pleading; work toward a protective order and ESI protocol; and permit an informal, confidentiality-protected production of three discrete categories of core documents—training dataset information, data-collection policies, and documentation showing how raw data is converted into training-ready inputs. Edelman Decl. ¶ 3-5 & Ex. A. NVIDIA declined and, on June 22, moved both to dismiss and to stay discovery. ECF Nos. 20–21; Edelman Decl. ¶ 9.

Two days later, on June 24, NVIDIA's counsel—Keker, Van Nest & Peters LLP—signed a stipulation in the Roblox Action adopting the same compromise structure Plaintiff had proposed here: vacating or continuing the initial conference and related deadlines until the Rule 12 motion is decided and, "in lieu of opening discovery," producing discrete documents "to the extent they exist and can be located following a reasonable search" under the District's model protective order. *See* Roblox Action, ECF No. 31 (N.D. Cal. June 24, 2026); Edelman Decl. ¶¶ 6-7 & Ex. B.

## III.  LEGAL STANDARD

A stay of discovery pending a motion to dismiss is the exception, not the rule. The mere filing of a Rule 12 motion does not stop discovery, and blanket stays are disfavored because they unnecessarily delay case progress. *Gray*, 133 F.R.D. at 40; *Crowder v. LinkedIn Corp.*, 2023 WL 2405335, at *7 (N.D. Cal. Mar. 8, 2023). Under Rule 26(c), the party moving for a stay must show good cause and carries a heavy burden to justify the stay of discovery. *Gray*, 133 F.R.D. at 40; *Singh v. Google LLC*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016).

In deciding whether to stay discovery pending resolution of a Rule 12 motion, courts in this District often apply a two-factor test: the pending motion must be potentially dispositive of the entire case, or at least of the issue at which discovery is directed, and capable of resolution without further discovery. *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co.*, 220 F.R.D. 349, 351–52 (N.D. Cal. 2003); *Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *2 (N.D. Cal. Apr. 10, 2020). But that framework does not displace Rule 26(c)'s good-cause requirement or create an automatic stay rule. *Optronic Techs., Inc. v. Ningbo Sunny*

*Elec. Co.*, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018). A contrary approach would make stays automatic whenever a defendant files a Rule 12 motion seeking dismissal of all claims, because such motions are ordinarily decided on the pleadings. Courts reject that result. *Gray*, 133 F.R.D. at 40; *Serenium*, 2021 WL 7541379, at *1. In applying the two-factor test, the court takes a "preliminary peek," and the moving party must show a strong likelihood that the motion will both succeed and dispose of the case in its entirety. *Optronic*, 2018 WL 1569811, at *1.

## IV. ARGUMENT

### A. NVIDIA's motion is not clearly case-dispositive.

NVIDIA cannot satisfy the first stay factor merely by showing that it asked to dismiss all claims. The question is whether the pending Rule 12 motion is likely to dispose of the case in a practical sense. A motion is not dispositive if the likely result, even on success, is dismissal of some claims with leave to amend. Under Rule 15's liberal amendment policy, a first dismissal ordinarily results in an amended complaint, not termination of the action. Courts therefore deny stays where the movant assumes, without showing, that the court will both grant dismissal and deny leave to amend. *See Singh*, 2016 WL 10807598, at *2; *Barrett v. Apple Inc.*, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020).

That rule resolves this factor here. NVIDIA's motion is its first Rule 12(b)(6) motion, and it raises pleading arguments directed to elements such as removal, intent, scienter, distribution, and identicality. ECF Nos. 20 ("Mot.") at 1. Even if NVIDIA were to persuade the Court that some allegations are deficient, NVIDIA has not shown that Plaintiff could not amend. NVIDIA's own stay motion underscores the point by arguing that a ruling on the motion to dismiss may "clarify and narrow" issues for discovery. Mot. at 1. A motion that may narrow issues or require amendment is not the kind of clearly case-dispositive motion that warrants a stay of discovery.

The required preliminary peek confirms the same point. NVIDIA's identicality argument depends on a disputed § 1202(b) theory now pending before the Ninth Circuit in *Doe 1 v. GitHub, Inc.*, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024), appeal docketed, No. 24-7700 (9th Cir. Dec. 23, 2024). Mot. at 1. NVIDIA's removal, intent, scienter, distribution, and knowledge arguments are likewise pleading arguments about what the Complaint permits the Court to infer from NVIDIA's alleged processing and use of the works—not threshold bars showing that Plaintiff will be unable to state a claim or that amendment would be futile. Mot.

at 1.

The *Optronic* case is directly analogous. In *Optronic*, 2018 WL 1569811, at *1–2, the defendants sought a stay pending a renewed motion to dismiss after the court had already dismissed the prior complaint with leave to amend. The court acknowledged that the new motion could dispose of the case if it were granted in full and if leave to amend were denied. But those were "big ifs." *Id.* at *1. The defendants had not shown that dismissal without leave was more likely than dismissal with leave, or that the amended complaint was "utterly frivolous" or filed merely for discovery leverage. *Id.* at *1–2. The court therefore held that the first factor was only "superficially satisfied" and denied the stay. *Id.* at *2.

The same reasoning applies here. NVIDIA asks the Court to assume both that its first pleading motion will be granted in full and that leave to amend will be denied. Worse yet, NVIDIA offers nothing beyond its own opinion of the Complaint to make that outcome likely. Courts in this District have denied stays on the same basis where the movant assumed that curable pleading defects would end the case. *See Singh*, 2016 WL 10807598, at *2 (denying stay because even if the complaint were deficient, the court would consider leave to amend, rendering the motion not dispositive); *Teva Pharms. USA, Inc. v. Corcept Therapeutics, Inc.*, 2024 WL 4981090, at *2 (N.D. Cal. Dec. 4, 2024) (denying stay where much of the motion to dismiss raised "garden variety insufficiency" arguments that, if successful, would lead to leave to amend).

NVIDIA's cited authorities do not establish a different rule. They are discretionary stay rulings on materially different records. In *Heck v. Amazon.com, Inc.*, No. 22-cv-03986-JSW, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022), the plaintiff had already amended once in response to an earlier motion to dismiss, did not meaningfully engage with the substance of the dismissal arguments, and the court had continued the case management conference pending resolution of the motion to dismiss. *Id.* at *1–2.

The *Leonardo Garcia v. TDBBS, LLC*, 2025 WL 1755648 (N.D. Cal. June 25, 2025) case does not require a stay here either. That decision treated the possibility of leave to amend as irrelevant once the defendant sought dismissal of all claims. *Id.* at *2. Other courts in this District (*Optronic*, *Singh*, *Barrett*, and *Teva*) have taken the more practical approach required by Rule 26(c)—denying stays where dismissal without leave depends on assumptions of the movant. That approach fits this case, where NVIDIA's first Rule 12 motion raises disputed pleading issues and NVIDIA itself says a ruling may only clarify or narrow discovery.

In *Williams-Sonoma, Inc. v. Last Brand, Inc.*, 2026 WL 1301007 (N.D. Cal. May 12, 2026), the court

PLAINTIFF'S OPPOSITION NVIDIA'S MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MTD
CASE NO. 5:26-CV-02647-EKL

took its preliminary peek after the motion to dismiss had already been argued and taken under submission, concluded that the defendant presented strong arguments for dismissal of all claims, and separately credited specific discovery-burden concerns. *Id.* at *1–3. That posture is different from this one: NVIDIA's first Rule 12 motion has not been fully briefed or argued, NVIDIA's own stay motion describes the likely benefit as clarifying and narrowing issues, and NVIDIA has not shown that dismissal without leave is likely. *Williams-Sonoma* therefore does not hold that every first Rule 12 motion seeking dismissal of all claims justifies a stay, or that the first factor is satisfied where the ordinary result of any dismissal would be leave to amend.

The *Crema Social, Inc. v. Apple Inc.*, 2026 WL 686311 (N.D. Cal. Mar. 11, 2026) case is even further afield. In *Crema Social*, this Court granted the motion to dismiss in the same order after finding that the plaintiff's claims were barred by plain, incorporated contract terms, and only then stayed discovery pending a plausible amended complaint. *Id.* at *3–8. That post-dismissal rule does not help NVIDIA obtain a pre-ruling stay here, before the Court has decided whether Plaintiff has stated a claim.

### B.      That a Rule 12 motion can be decided without discovery does not justify a stay.

NVIDIA's second-factor argument proves too much. NVIDIA argues that its motion to dismiss challenges legal sufficiency and can be decided without discovery. Mot. at 2. True enough— Plaintiff does not argue that discovery is needed to oppose the motion to dismiss. But that ordinary feature of Rule 12 practice is necessary, not sufficient. If it were enough, discovery would be stayed in nearly every case with a pending motion to dismiss, contrary to the settled rule that stays are the exception and blanket stays are disfavored. *See Optronic*, 2018 WL 1569811, at *2 (rejecting stay where the "basic notion" that a Rule 12 motion could be decided without discovery did not make a stay warranted). The relevant question is not whether the Court can decide the motion to dismiss without discovery; it is whether that ordinary pleading posture, combined with a first Rule 12 motion that is not clearly case-ending, justifies stopping discovery altogether. It does not.

The *Barrett* case illustrates the point. In *Barrett*, 2020 WL 13815568, at *1, Apple sought a stay pending its motion to dismiss, arguing that the motion raised threshold pleading defects and that discovery would impose significant time, expense, and resource burdens before the plaintiffs had stated a viable claim. The court denied the stay. *Id.* at *2. It recognized that Rule 12 motions are decided with reference to the complaint, but held that this ordinary feature of pleading motions did not justify a blanket stay—especially

where dismissal without leave to amend was not clearly likely and the asserted burdens were the traditional burdens of litigation. *Id.*; *see also Optronic*, 2018 WL 1569811, at *2 (rejecting stay where the "basic notion" that a Rule 12 motion could be decided without discovery did not make a stay warranted).

The same reasoning applies here. NVIDIA's motion may be decided on the pleadings, but NVIDIA has not shown that dismissal without leave is likely or that ordinary discovery-management tools are inadequate. The fact that a Rule 12 motion can be decided without discovery therefore does not justify halting discovery altogether.

NVIDIA's authorities on this point do not establish that the ordinary Rule 12 posture justifies a stay. The decisions in *Reveal Chat*, 2020 WL 2843369, *Affinity Credit Union v. Apple Inc.*, 2023 WL 12065782 (N.D. Cal. Apr. 14, 2023), and *Pereda v. General Motors LLC*, 2022 WL 19692037 (N.D. Cal. Mar. 15, 2022), granted stays only after identifying case-specific reasons why discovery should wait—not because a motion to dismiss can be decided on the pleadings alone. *Reveal Chat* involved a complex antitrust case and only a limited stay until the motion-to-dismiss hearing, with the court emphasizing limitations, antitrust-injury, market-definition issues, and the breadth and expense of antitrust discovery. 2020 WL 2843369, at *2–4. *Affinity* likewise involved antitrust market allegations, an amended complaint, and a credited showing that even the plaintiffs' proposed regulator, organizational-chart, initial-disclosure, and written discovery would require significant time and effort. 2023 WL 12065782, at *1–2. And *Pereda* involved extraordinary discovery burdens: a 280-page complaint, 72 plaintiffs from 34 states, and proposed discovery reaching back nearly 25 years. 2022 WL 19692037, at *1–2. Those cases do not support NVIDIA's bid for a blanket stay here, especially where NVIDIA's second-factor argument is simply that its first Rule 12 motion can be decided on the pleadings. Nor do *Crema Social* or *In re German Automotive Manufacturers Antitrust Litigation*, 335 F.R.D. 407 (N.D. Cal. 2020), help NVIDIA. Those cases address the post-dismissal rule that a plaintiff is not entitled to plausibility discovery on claims already found deficient under Rule 8. Nothing has been dismissed here.

### C.    NVIDIA's burden and confidentiality arguments do not justify a blanket stay.

NVIDIA also has not shown good cause for the specific relief it seeks: a stay of all discovery. Mot. at 5. A party seeking a protective order must make a particularized showing of burden or prejudice, not rely on stereotyped or conclusory assertions. *Gray*, 133 F.R.D. at 40. Generalized assertions that discovery will be

costly, technically complex, or potentially sensitive are not enough because those concerns exist in many cases and are ordinarily managed through proportionality, sequencing, an ESI protocol, and a protective order. *See Optronic*, 2018 WL 1569811, at *2 (discovery is not stayed merely because it imposes "some burden" and the movant must provide "particular and specific facts"); *Pac. Lumber*, 220 F.R.D. at 353–54 (denying stay where confidentiality concerns could be mitigated through protective-order measures).

The *Pacific Lumber* case illustrates the proper approach to confidentiality and burden concerns. In *Pacific Lumber*, 220 F.R.D. at 353–54, the court denied a request to stay discovery even though the movant argued that discovery would create prejudice and confidentiality concerns. The court held that those concerns could be mitigated through ordinary protective-order measures, including limiting the use of discovery materials to the litigation. *Id.* The same principle applies here. NVIDIA's technical subject matter may require thoughtful discovery management, but it does not make this case exceptional or justify stopping all discovery. *See Optronic*, 2018 WL 1569811, at *2 (discovery is not stayed merely because it imposes burden); *Hoopes Vineyard, LLC v. County of Napa*, No. 21-cv-06054, 2022 WL 300792, at *2 (N.D. Cal. Feb. 1, 2022) (general resource-conservation concerns true in the mine run of litigation do not establish good cause).

The same proportionality principle resolves NVIDIA's burden argument. NVIDIA identifies concerns about discovery into datasets, 3D assets, model-development processes, and other technical materials. Mot. at 5. But NVIDIA does not ask the Court to sequence or tailor those categories. It asks the Court to stop all discovery unless and until the Court denies the motion to dismiss in whole or in part. ECF No. 21-1 (NVIDIA proposed order) at 2. That requested relief is broader than NVIDIA's asserted problem. If NVIDIA's concern is technical burden or confidentiality, the appropriate remedy is targeted case management—not a blanket stay.

NVIDIA's burden and no-prejudice cases do not justify the blanket relief NVIDIA seeks because each involved concrete, case-specific reasons why discovery should wait. In *Williams-Sonoma*, the motion to dismiss had already been argued and taken under submission, the plaintiff had served requests for production, and the anticipated discovery included broad ESI, financial documents, consumer research and surveys, depositions, expert discovery, and third-party discovery. *Williams-Sonoma*, 2026 WL 1301007, at *1, *3. In *Nexus 6p*, the court granted only a limited stay until the hearing on fully briefed motions to dismiss, where one defendant raised a threshold personal-jurisdiction challenge that could dispose of, or drastically alter, its

role in the case, another raised strong warranty arguments that could materially narrow discovery. *In re Nexus 6p Prods. Liab. Litig.*, 2017 WL 3581188, at *2 (N.D. Cal. Aug. 18, 2017). And in *Affinity*, the court credited Apple's showing that even plaintiffs' proposed regulator materials, initial disclosures, organizational charts, and written discovery would require significant time and effort while no scheduling order or case management conference had been held. *Affinity*, 2023 WL 12065782, at *2. Those decisions do not support a total stay here. NVIDIA has not identified served discovery requiring immediate adjudication, explained why targeted sequencing would be inadequate, or shown why an ESI protocol and protective order cannot address its confidentiality concerns.

**D.    At minimum, NVIDIA's refusal of a reasonable, protective-order-based compromise confirms that a blanket stay is disproportionate.**

If the Court is inclined to manage discovery while the motion to dismiss is pending, the proportionate remedy is not NVIDIA's blanket stay. Rule 26 and this Court's Standing Order contemplate ordinary case-management tools—sequencing, proportionality limits, meet-and-confer procedures, ESI protocols, and protective orders—not an automatic halt to all discovery. The Standing Order also confirms that pending Rule 12 motions do not ordinarily suspend case planning: parties must propose a full litigation schedule, including amendment and ADR deadlines, regardless of whether a motion to dismiss has been resolved.

That measured approach tracks what courts have ordered when a blanket stay would unnecessarily delay case development. In *In re Dexilant (Dexlansoprazole) Antitrust Litigation*, 2025 WL 2959894 (N.D. Cal. Oct. 16, 2025), the defendants moved to dismiss all claims and sought a stay of all discovery. The court denied a blanket stay and instead required production of limited "go get" documents central to the case, while also ordering the parties to meet and confer on ESI protocols, privilege-log protocols, search terms, custodians, and related discovery mechanics. *Id.* at *1–2. The court explained that producing central documents would facilitate post-motion discovery and that delaying necessary discovery discussions would needlessly delay case resolution. *Id.*

Plaintiff proposed the same kind of measured solution before NVIDIA filed its motion. Plaintiff did not concede that discovery should be stayed; he attempted to avoid unnecessary motion practice and address NVIDIA's stated burden and confidentiality concerns through ordinary tools. Mot. at 5; Edelman Decl. ¶ 4. Plaintiff proposed continuing the initial case management conference and related deadlines until the motion to dismiss is decided, working toward a protective order and ESI protocol, and permitting informal production

of three discrete categories of core documents under this District's model two-tier protective order. Edelman Decl. ¶¶ 3-5 & Ex. A. NVIDIA rejected that targeted path and instead sought a total stay. ECF No. 21-1 at 2; Edelman Decl. ¶ 9.

The stipulation in the parallel Roblox Action confirms that this kind of approach is workable in practice. In the Roblox Action., brought by the same plaintiff involving similar CMI-removal allegations, counsel agreed to continue or vacate the initial conference and related deadlines until the Rule 12 motion was decided and, "in lieu of opening discovery," to produce discrete documents "to the extent they exist and can be located following a reasonable search" under this District's model protective order for highly sensitive and trade-secret information. Roblox Action, ECF No. 31 (N.D. Cal. June 24, 2026). That is the same structure Plaintiff proposed here. It preserves orderly case management, protects confidential information, and avoids the needless all-or-nothing choice NVIDIA's motion presents.

Courts take the same proportional approach when burden or confidentiality concerns can be managed without stopping discovery. *See Serenium*, 2021 WL 7541379, at *1 (denying stay and directing discovery to proceed immediately, subject to proportionality); *Pac. Lumber*, 220 F.R.D. at 353–54 (denying stay where confidentiality concerns could be mitigated through routine protective-order measures limiting use to the litigation). Those tools are particularly appropriate here because NVIDIA's asserted concerns relate to technical and confidential materials—not to any reason that all discovery must stop.

NVIDIA's no-prejudice framing understates the harm from delay. Mot. at 5. A blanket stay would not merely postpone burdensome merits discovery; it would delay central document production, ESI planning, custodian discussions, and protective-order work that can proceed without prejudging the motion to dismiss. Courts recognize that such delay matters: a blanket stay "will inevitably delay case resolution," and delaying necessary discovery discussions "will needlessly delay case resolution." *Dexilant*, 2025 WL 2959894, at *1–2. That concern is heightened where, as here, Plaintiff proposed a narrow protocol designed to preserve progress while addressing NVIDIA's confidentiality concerns. At minimum, if the Court is inclined to impose any interim discovery management, it should adopt that narrow protective-order-based approach rather than NVIDIA's blanket stay.

## V.    **CONCLUSION**

The Court should deny NVIDIA's motion to stay discovery. In the alternative, the Court should adopt

the proportionate path Plaintiff offered and NVIDIA's own counsel accepted in the parallel *Roblox* action: continue the initial case management conference until the motion to dismiss is decided, direct the parties to finalize a protective order and ESI protocol under this District's model order, and permit limited, production of the three discrete categories of documents Plaintiff identified.

Dated: July 1, 2026

Respectfully submitted,

By: */s/ William J. Edelman*
     William J. Edelman

**MILBERG, PLLC**
William J. Edelman (SBN 285177)
280 South Beverly Drive, Penthouse
Beverly Hills, CA 90212
Phone: (866) 252-0878
wedelman@milberg.com

Michael A. Acciavatti (*pro hac vice*)
**MILBERG, PLLC**
405 East 50th Street
New York, NY 10022
Tel: 212.594.5300
macciavatti@milberg.com

*Attorneys for Plaintiff*

PLAINTIFF'S OPPOSITION NVIDIA'S MOTION TO STAY
DISCOVERY PENDING RESOLUTION OF MTD
CASE NO. 5:26-CV-02647-EKL