KEKER, VAN NEST & PETERS LLP
SHARIF E. JACOB - # 257546
sjacob@keker.com
KATIE LYNN JOYCE - # 308263
kjoyce@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:    415 391 5400
Facsimile:    415 397 7188

Attorneys for Defendant NVIDIA CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUSTIN BEAULIER, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NVIDIA CORPORATION,<br><br>Defendant. | Case No. 5:26-CV-02647-EKL<br><br>**DEFENDANT NVIDIA CORPORATION'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>Date:　　　September 2, 2026<br>Time:　　　10:00 a.m.<br>Dept.:　　　Courtroom 7 – 4th Floor<br>Judge:　　　Hon. Eumi K. Lee<br><br>Date Filed: March 26, 2026<br><br>Trial Date:  Not Set |

NVIDIA'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS
Case No. 5:26-CV-02647-EKL

6251560

# TABLE OF CONTENTS

I.　　INTRODUCTION ...................................................................................................1

II.　　ARGUMENT ........................................................................................................1

　　A.　　NVIDIA's Motion to Dismiss Is Potentially Case-Dispositive. ..............................1

　　B.　　Beaulier Agrees That NVIDIA's Motion Can Be Decided Without Discovery. ..................................................................................................4

　　C.　　A Stay Will Conserve Resources. ..................................................................4

　　　　1.　　Resolving the Motion to Dismiss First Will Streamline or Eliminate the Need for Broad Technical Discovery. ................................................5

　　　　2.　　Beaulier's Proposal Is No Compromise. ...................................................6

III.　　CONCLUSION ......................................................................................................7

6251560

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrett v. Apple Inc.*,
No. 5:20-CV-04812-EJD, 2020 WL 13815568 (N.D. Cal. Oct. 22, 2020) ..........................3, 4

*Beaulier v. Roblox Corp.*,
No. 5:26-CV-02642-BLF (N.D. Cal.).......................................................................................6

*Crema Social, Inc. v. Apple Inc.*,
No. 25-CV-08905-EKL, 2026 WL 686311 (N.D. Cal. Mar. 11, 2026) ...................................3

*In re Dexilant (Dexlansoprazole) Antitrust Litigation*,
No. 25-CV-02785-JSC, 2025 WL 2959894 (N.D. Cal. Oct. 16, 2025)................................6, 7

*Doe 1 v. GitHub, Inc.*,
No. 22-CV-06823-JST, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024), *appeal
argued*, No. 24-7700 (9th Cir. Feb. 11, 2026) .........................................................................3

*Garcia v. TDBBS, LLC*,
No. 25-CV-00299-AMO, 2025 WL 1755648 (N.D. Cal. June 25, 2025) ............................2, 4

*Heck v. Amazon.com, Inc.*,
No. 22-CV-03986-JSW, 2022 WL 16579372 (N.D. Cal. Nov. 1, 2022) .................................2

*Hoopes Vineyard LLC v. County of Napa*,
No. 24-CV-06256-CRB, 2025 WL 41929 (N.D. Cal. Jan. 6, 2025).........................................6

*Leonard v. CVS Pharmacy, Inc.*,
No. 5:24-CV-06280-EJD, 2025 WL 1266929 (N.D. Cal. May 1, 2025)..................................1

*In re Nexus 6p Prods. Liab. Litig.*,
No. 17-CV-02185-BLF, 2017 WL 3581188 (N.D. Cal. Aug. 18, 2017)..................................4

*Optronic Technologies, Inc. v. Ningbo Sunny Electronics Co.*,
No. 5:16-CV-06370-EJD, 2018 WL 1569811 (N.D. Cal. Feb. 16, 2018)....................2, 3, 4, 6

*Pacific Lumber Co. v. National Union Fire Insurance Co.*,
220 F.R.D. 349 (N.D. Cal. 2003)........................................................................................6, 7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987) .................................................................................................4

*Serenium, Inc. v. Zhou*,
No. 20-CV-02132-BLF (NC), 2021 WL 7541379 (N.D. Cal. Feb. 11, 2021) ........................7

ii

6251560

*Singh v. Google, Inc.*,
    No. 16-CV-03734-BLF, 2016 WL 10807598 (N.D. Cal. Nov. 4, 2016)..................................3

*Teva Pharmaceuticals USA, Inc. v. Corcept Therapeutics, Inc.*,
    No. 24-CV-03567-BLF, 2024 WL 4981090 (N.D. Cal. Dec. 4, 2024) ................................2, 3

*Tradin Organics USA LLC v. Terra Nostra Organics, LLC*,
    No. 23-CV-03373-AMO, 2023 WL 8481814 (N.D. Cal. Dec. 7, 2023) ..................................2

*Williams-Sonoma, Inc. v. Last Brand, Inc.*,
    No. 5:25-CV-10118-EJD, 2026 WL 1301007 (N.D. Cal. May 12, 2026)...........................3, 5

NVIDIA'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS
Case No. 5:26-CV-02647-EKL

6251560

## I.   INTRODUCTION

Plaintiff Austin Beaulier's Opposition to NVIDIA's request to stay discovery confirms that the requirements to issue a stay are satisfied. NVIDIA's Motion to Dismiss seeks dismissal of Beaulier's Complaint in its entirety, it can be resolved on the pleadings alone, and it raises multiple independent grounds for dismissal of every claim. Issuing a stay will also conserve both judicial and party resources, which Beaulier does not deny.

Because Beaulier cannot dispute that NVIDIA's Motion is potentially dispositive and that it can be decided without discovery, he argues that the possibility of leave to amend defeats the first factor. Courts in this District have consistently rejected this argument. And Beaulier effectively concedes the second factor by agreeing that discovery is unnecessary to resolve NVIDIA's Motion.

Beaulier's proposed "compromise" only reinforces why a stay is warranted. His proposal is no middle ground: it seeks broad and amorphous discovery into NVIDIA's technical systems (including unspecified AI models and datasets) while preventing NVIDIA from propounding *any* discovery on Beaulier. Beaulier cites no case law that permits this result. The only support he can identify is a stipulation negotiated by a different defendant represented by different attorneys. The stipulation does not bind NVIDIA, it does not bind this Court, and it does not create any efficiencies while a meritorious Motion to Dismiss is pending.

NVIDIA therefore respectfully requests that the Court stay discovery pending resolution of the Motion to Dismiss.

## II.   ARGUMENT

### A.   NVIDIA's Motion to Dismiss Is Potentially Case-Dispositive.

The first factor is satisfied because NVIDIA's Motion to Dismiss is potentially dispositive of the entire case. A motion need only be *potentially* dispositive of the entire case for the first factor to be satisfied. *Leonard v. CVS Pharmacy, Inc.*, No. 5:24-CV-06280-EJD, 2025 WL 1266929, at *2 (N.D. Cal. May 1, 2025). Because NVIDIA's Motion seeks to dismiss both of Beaulier's DMCA claims on multiple independent grounds, the first factor is easily met.

1

6251560

Beaulier's arguments to the contrary are unpersuasive. *First*, Beaulier attempts to heighten the applicable standard by arguing that the motion must be "*clearly* case-dispositive," which has no support in the case law. Opp'n at 3 (emphasis added). In any event, a "preliminary peek" at the Motion reveals multiple independent deficiencies in both of Beaulier's DMCA claims that cannot be remedied simply by pleading additional facts. *Garcia v. TDBBS, LLC*, No. 25-CV-00299-AMO, 2025 WL 1755648, at *1 (N.D. Cal. June 25, 2025); Mot. at 3.

*Second*, Beaulier's contention that NVIDIA's Motion is not case-dispositive because his Complaint may be amended is meritless. Opp'n at 3. Multiple courts have rejected this exact argument because it "misreads the [first factor's] standard." *Tradin Organics USA LLC v. Terra Nostra Organics, LLC*, No. 23-CV-03373-AMO, 2023 WL 8481814, at *2 (N.D. Cal. Dec. 7, 2023). Whether Beaulier "could possibly remedy any deficient allegations with leave to amend" is simply irrelevant to whether the Motion is "*potentially* dispositive of the entire case." *Heck v. Amazon.com, Inc.*, No. 22-CV-03986-JSW, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022). Nor is it relevant whether the Motion, if granted, is "likely [to] result in amended pleading pursuant to Rule 15." *Garcia*, 2025 WL 1755648, at *2; *id.* ("[W]hether Plaintiff may be granted leave to amend do[es] not factor into this District's . . . factors."). Indeed, Beaulier's acknowledgement that his Complaint may need to be amended is even more reason why a discovery stay is appropriate until the pleadings are set.

*Third*, Beaulier improperly suggests that a motion to dismiss that may clarify or narrow issues for discovery cannot be case-dispositive. Opp'n at 3. To the contrary, courts issue stays *because* such motions may "at a minimum significantly narrow the claims and thus the necessary discovery." *Garcia*, 2025 WL 1755648, at *1 (finding the first factor satisfied). Ultimately, nowhere does Beaulier dispute what matters for the first factor: that NVIDIA's Motion, if granted, would dismiss the Complaint in its entirety.

*Fourth*, Beaulier's authorities are of no help to him. In *Optronic Technologies, Inc. v. Ningbo Sunny Electronics Co.*, No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *1 (N.D. Cal. Feb. 16, 2018), the court was "unconvinced" that the plaintiff would be unable to state a claim. And in *Teva Pharmaceuticals USA, Inc. v. Corcept Therapeutics, Inc.*, No. 24-CV-03567-BLF,

NVIDIA'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS
Case No. 5:26-CV-02647-EKL

6251560

2024 WL 4981090, at *2 (N.D. Cal. Dec. 4, 2024), the court noted that a "significant portion of the Amended Complaint" was challenged only on insufficiency grounds that, even if successful, would lead to leave to amend. Neither *Optronic* nor *Teva Pharmaceuticals* is apt because NVIDIA's Motion seeks dismissal of the entire Complaint and has identified multiple independent legal defects that arise from Beaulier's allegations and legal theories – not only omitted factual detail.[1]

Singh and Barrett are distinguishable for a different reason. Opp'n at 3–4. In both cases, the court was unable to conduct the required "preliminary peek" because the plaintiffs had not yet responded to the pending motions to dismiss. *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016); *Barrett v. Apple Inc.*, No. 5:20-CV-04812-EJD, 2020 WL 13815568, at *2 (N.D. Cal. Oct. 22, 2020). Here, by contrast, NVIDIA's Motion will be fully briefed before the Court hears this Motion to Stay, enabling the Court to conduct the requisite preliminary peek. *Williams-Sonoma, Inc. v. Last Brand, Inc.*, No. 5:25-CV-10118-EJD, 2026 WL 1301007, at *2 n.2 (N.D. Cal. May 12, 2026) (issuing discovery stay and distinguishing *Singh* because "briefing on the potentially dispositive motion to dismiss" was not completed yet).

Finally, Beaulier's attempt to distinguish *Crema Social, Inc. v. Apple Inc.*, No. 25-CV-08905-EKL, 2026 WL 686311 (N.D. Cal. Mar. 11, 2026) shows why a stay is appropriate here. Opp'n at 5. Beaulier claims that the Court stayed discovery after "grant[ing] the motion to dismiss in the same order." *Id.* In fact, the Court previously ruled that, "[t]o the extent discovery requests are served prior to the hearing on the motion to stay, the time to respond to such requests shall run from the date of the Court's ruling on the motion to stay." Order for Briefing and Continuing Initial Case Management Conference at 1 n.1, *Crema Social*, No. 25-CV-08905-EKL, 2026 WL 686311 (N.D. Cal. Jan. 23, 2026), ECF No. 35. Thus, the discovery stay was *already* in effect before the Court held a hearing on the defendant's stay motion and motion to dismiss. That

---

[1] Beaulier's observation that *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024), *appeal argued*, No. 24-7700 (9th Cir. Feb. 11, 2026) is on appeal is immaterial to the stay analysis. Opp'n at 3. The Court need only determine whether NVIDIA's Motion is potentially dispositive. Moreover, identicality is one of several independent grounds supporting NVIDIA's Motion.

NVIDIA'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS
Case No. 5:26-CV-02647-EKL

6251560

makes sense; "[i]t is sounder practice to determine whether there is any reasonable likelihood that plaintiffs can construct a claim before forcing the parties to undergo the expense of discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987).

In sum, Beaulier does not meaningfully contest that NVIDIA's Motion is potentially case-dispositive.

**B.      Beaulier Agrees That NVIDIA's Motion Can Be Decided Without Discovery.**

The second factor asks "whether the pending motion can be decided absent discovery." *In re Nexus 6p Prods. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017). Beaulier agrees that discovery is not needed to resolve the Motion to Dismiss. Opp'n at 5. That should be the end of the matter. *Garcia*, 2025 WL 1755648, at *2 (finding the second factor satisfied where the plaintiff "concede[d] that no further discovery [was] necessary to decide Defendant's Motion to Dismiss").

Unable to avoid that straightforward conclusion, Beaulier instead repeats his arguments about the first factor and cites *Barrett* and *Optronic* again. Opp'n at 5–6. Neither *Barrett* nor *Optronic* holds that the second factor requires anything more than demonstrating that the pending motion can be decided without discovery. In both cases, the court denied a stay because it concluded the defendants did not satisfy the first factor. *Barrett*, 2020 WL 13815568, at *2; *Optronic*, 2018 WL 1569811, at *2. That is not the case here. *See* Section II.A, *supra*. Thus, there can be no reasonable dispute that the second factor is satisfied.

**C.      A Stay Will Conserve Resources.**

Issuing a stay will conserve judicial and party resources. *First*, resolving NVIDIA's Motion first may eliminate the need for broad technical discovery or, at a minimum, narrow its scope if Beaulier is able to state a claim. *Second*, although styled as a compromise, Beaulier's proposal is fundamentally one-sided and seeks to replace a stay with burdensome unilateral and overbroad discovery.

6251560

**1.    Resolving the Motion to Dismiss First Will Streamline or Eliminate the Need for Broad Technical Discovery.**

A stay is particularly appropriate where, as here, the discovery sought is broad, technical, and capable of being substantially narrowed, if not eliminated altogether. *Williams-Sonoma*, 2026 WL 1301007, at *3. NVIDIA explained in its opening brief that, based on Beaulier's allegations, it may need to expend substantial resources on discovery concerning disputed datasets and model development processes. Mot. at 5. Beaulier dismisses NVIDIA's concerns as generalized, Opp'n at 6, yet his own proposal demonstrates why those concerns merit a stay.

Beaulier seeks the production of "training dataset[s]," "asset files," and "[i]nternal documentation sufficient to show the process of converting raw data into training-ready inputs for the AI model(s) at issue," as well as any policies governing "AI training" writ large. Edelman Decl. Ex. A. Beaulier fails to identify (1) what "AI model(s) at issue" he seeks discovery into; (2) any specific works of his that he contends NVIDIA used to train any model; and (3) why the production of unspecified "training dataset[s]" is relevant or proportionate to the needs of the case. Without guidance from the Court regarding what claims (if any) survive, and what models and datasets are implicated, Beaulier's discovery requests would sweep in troves of technical materials regarding models, datasets, and preprocessing pipelines that bear no relationship to any viable claim. As a result, NVIDIA would need to undertake an expensive and potentially unnecessary collection and review effort.

These concerns are exactly why courts stay discovery pending resolution of dispositive motions. In *Williams-Sonoma,* 2026 WL 1301007, at *3, the plaintiff similarly sought broad discovery concerning any of defendant's products. The court concluded that a stay would promote efficiency and conserve the parties' resources because its ruling on the motion to dismiss would provide guidance on the proper scope of the case, including the number of products at issue, thereby reducing unnecessary discovery disputes. *Id.* The same reasoning applies here. Unless and until the Court determines whether Beaulier has stated any viable DMCA claim, there is no basis for determining which AI models, training datasets, preprocessing pipelines, or related technical materials, if any, are properly within the scope of discovery.

5

6251560

Because NVIDIA has identified case-specific concerns confirmed by Beaulier's own proposal, Beaulier's remaining authorities are inapposite. Opp'n at 7. In both *Optronic*, 2018 WL 1569811, at *2, and *Hoopes Vineyard LLC v. County of Napa*, No. 24-CV-06256-CRB, 2025 WL 41929, at *1 (N.D. Cal. Jan. 6, 2025), the courts rejected generalized concerns about the cost of discovery. By contrast, NVIDIA has identified concrete and specific problems with Beaulier's proposal, which underscore the highly burdensome technical discovery he seeks. *Pacific Lumber Co. v. National Union Fire Insurance Co.*, 220 F.R.D. 349 (N.D. Cal. 2003) does not compel a different conclusion. There, the court discussed protective-order measures *after* concluding that the requested discovery would remain necessary regardless of the pending summary judgment motions. *Id.* at 353. Here, by contrast, NVIDIA's Motion may eliminate the need for the requested discovery altogether or substantially narrow its scope.

### 2.    Beaulier's Proposal Is No Compromise.

Beaulier's proposed "compromise" does not solve the problem created by his expansive approach to discovery. While opposing NVIDIA's request to stay discovery, Beaulier seeks a stay of any discovery propounded *on him* while he pursues overbroad technical discovery from NVIDIA. Opp'n at 8–9. Beaulier's suggestion that, instead of a stay, the Court should order one-sided discovery is unsupported by any caselaw.

Beaulier's reliance on his stipulation with Roblox is misplaced. *Beaulier v. Roblox Corp.*, No. 5:26-CV-02642-BLF (N.D. Cal.); Opp'n at 2. Beaulier's assertion that "NVIDIA's own counsel accepted" his proposal on behalf of Roblox is inaccurate. *Id.* at 1. None of the undersigned attorneys represent Roblox in *Beaulier v. Roblox*. The stipulation reflects the decision of a different defendant represented by different attorneys. According to Beaulier, because another defendant in one of his DMCA actions agreed to produce documents, NVIDIA should be required to do the same. Opp'n at 9. The first proposition has nothing to do with the second.

None of Beaulier's cited authorities bless a proposal remotely like his. In *In re Dexilant (Dexlansoprazole) Antitrust Litigation*, No. 25-CV-02785-JSC, 2025 WL 2959894, at *1 (N.D. Cal. Oct. 16, 2025), after concluding that the defendants had not shown good cause for a stay of

NVIDIA'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
PENDING RESOLUTION OF MOTION TO DISMISS
Case No. 5:26-CV-02647-EKL

6251560

discovery, the court ordered production of a handful of discrete documents that were "indisputably relevant and central to the case." Beaulier's proposal bears no resemblance to that limited production. Beaulier has not even identified which AI models and datasets are "at issue," rendering his requests for training data and documentation effectively unbounded. Edelman Decl. Ex. A. Likewise, the court in *Serenium, Inc. v. Zhou*, No. 20-CV-02132-BLF (NC), 2021 WL 7541379, at *1–2 (N.D. Cal. Feb. 11, 2021) simply ordered discovery to proceed after concluding that the defendants had failed to satisfy the two-factor test; it did not endorse any comparable regime of informal, unilateral merits production benefiting a plaintiff. Nor did the court in *Pacific Lumber*. There, as in *Dexilant*, the court found that the requested discovery would remain necessary regardless of the pending motions. 220 F.R.D. at 353. Here, by contrast, NVIDIA's Motion may eliminate the need for the requested discovery altogether or, at a minimum, substantially narrow its scope.

## III.   CONCLUSION

NVIDIA respectfully requests that the Court stay discovery pending the resolution of NVIDIA's Motion to Dismiss.

Dated: July 13, 2026

KEKER, VAN NEST & PETERS LLP

By:   /s/ Victor Chiu
SHARIF E. JACOB
KATIE LYNN JOYCE
VICTOR CHIU

Attorneys for Defendant NVIDIA CORPORATION

6251560